IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SONYA WALLACE,** ) | |
| ) | |
| **PLAINTIFF,** ) | **CIVIL ACTION NO.:** |
| ) | |
| v. ) | |
| ) | |
| **KOCH FOODS OF ASHLAND,** ) | **PLAINTIFF DEMANDS A** |
| **LLC AND KOCH FOODS OF** ) | **TRIAL BY STRUCK JURY** |
| **ALABAMA, LLC,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

# COMPLAINT

## I. JURISDICTION

This is a suit authorized and instituted pursuant to the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act Amendments Act ("ADAAA"). Jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the ADA/ADAAA, providing injunctive and other relief against disability discrimination and retaliation in employment.

## II. PARTIES

1. Plaintiff, Sonya Wallace, hereinafter ("PLAINTIFF" OR "WALLACE") is a female citizen of the United States and is a resident of Talladega,

1

Alabama.

2. Defendants, Koch Foods of Ashland, LLC and Koch Foods of Alabama, LLC hereinafter ("DEFENDANTS" OR "KOCH FOODS"), are domestic corporations doing business in the state of Alabama. At all times relevant to this action, the Defendants have maintained and operated a business in Alabama. The Defendants are engaged in an industry affecting commerce and have fifteen (15) or more employees and are employers within the meaning of 42 U.S.C. § 2000e(b)(g) and (h).

### III.  ADMINISTRATIVE PROCEDURES

3. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at the Defendant's worksite located in Ashland, Alabama.

4. This action seeks to redress unlawful employment practices resulting from the acts of the Defendants, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining the Defendants from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of disability and retaliation.

5. On December 16, 2020, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). (Exhibit A).

6. On July 13, 2021 Plaintiff's Notice of Right to Sue was mailed by the EEOC to Plaintiff and Plaintiff filed her initial lawsuit within ninety (90) days of receipt of her Notice of Right to Sue. (Exhibit B).

7. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  FACTS

8. Wallace was hired by Koch Foods as Sorter Helper on June 23, 2020.

9. The Sorter Helper's job was to hold the chicken in one hand, have a knife in the other hand, and cut off specific pieces of the chicken.

10. Wallace performed her job in a satisfactory manner with no disciplinary actions.

11. Wallace worked on the 3rd shift which ran from 8:45 p.m. – 5:45 a.m.

12. Frequently Wallace would come into work early, around 7:15 p.m., to eat dinner before her shift started.

13. In or around September 2020, while Wallace was working at Koch Foods she started to feel tingling and sharp pain in her left hand.

14. In or around October 12, 2020, Wallace went to the doctor to see what was causing her pain in her left hand.

15. Wallace's doctor diagnosed her with carpel tunnel syndrome in her left hand.

16. Wallace's doctor disapproved of her working in the Sorter Helper position at Koch Foods.

17. Shortly thereafter, Koch Foods switched Wallace into the position of a Correlator.

18. The Correlator's job was to pull out the inside organs of the chicken.

19. The Correlator position made Wallace's hand hurt worse than when she was working in the Sorter Helper position.

20. In or around October 16, 2020, Wallace's doctor disapproved of Wallace working in the position of Correlator.

21. In or around Sunday, October 18, 2020, Wallace's direct supervisor, Ms. Richards, did not come to work.

22. The acting assistant supervisor put Wallace in a position that did not cause pain in her left hand.

23. Wallace worked the entire night without pain or discomfort in her left hand.

24. In or around October 19, 2020, Wallace's doctor sent Koch Foods a note stating that she was "scheduled for surgery on 10/27/20" and that she would be "out of work 6 to 8 weeks".

25. In or around October 19, 2020, Wallace got into work around 7:15 p.m. to eat dinner before her shift started that evening at 8:45 p.m.

26. Wallace's supervisor, Ms. Richards, told Wallace to go see the nurse.

27. The nurse told Wallace that the doctor was sending her home until after she had surgery.

28. Wallace's doctor told her that he disapproved of her working the Correlator position, not that she could not work in a different position.

29. However, Wallace went home.

30. In or around October 21, 2020, Wallace spoke to Everlina *lnu* and found out that her carpel tunnel surgery was approved for the short-term disability program at Koch Foods.

31. In or around October 21, 2020, Wallace called Ms. Margaret in the Koch Foods Human Resources Department.

32. In or around October 21, 2020, Wallace was told she falsified information on her job application to Koch Foods in June of 2020.

33. Wallace asked how she allegedly falsified information on her June 2020 job application.

34. Ms. Margaret reminded Wallace that she had surgery in or around 2001 for having carpel tunnel syndrome in her right hand while she worked for Tyson Foods (the Defendant's acquired Tyson Foods in 2007).

5

35. In or around October 21, 2020, Koch Foods immediately canceled Wallace's health insurance.

36. On November 7, 2020, Wallace received a formal termination letter.

37. Wallace has been discriminated against because of her disability.

38. Wallace has been discriminated against because she was scheduled to have surgery for her disability.

39. Wallace has been retaliated against because of her disability.

40. Wallace was replaced by an employee who did not have a known disability.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS
### COUNT ONE
**STATEMENT OF PLAINTIFF'S ADA/ADAAA DISPARATE TREATMENT CLAIM**

41. In or around September 2020, while Wallace was working at Koch Foods she started to feel tingling and sharp pain in her left hand.

42. In or around October 12, 2020, Wallace went to the doctor to see what was causing her pain in her left hand.

43. Wallace's doctor diagnosed her with carpel tunnel syndrome in her left hand.

44. Wallace's doctor disapproved of her working in the Sorter Helper position at Koch Foods.

45. Shortly thereafter, Koch Foods switched Wallace into the position

of a Correlator.

46. The Correlator's job was to pull out the inside organs of the chicken.

47. The Correlator position made Wallace's hand hurt worse than when she was working in the Sorter Helper position.

48. In or around October 16, 2020, Wallace's doctor disapproved of Wallace working in the position of Correlator.

49. In or around Sunday, October 18, 2020, Wallace's direct supervisor, Ms. Richards, did not come to work.

50. The acting assistant supervisor put Wallace in a position that did not cause pain in her left hand.

51. Wallace worked the entire night without pain or discomfort in her left hand.

52. In or around October 19, 2020, Wallace's doctor sent Koch Foods a note stating that she was "scheduled for surgery on 10/27/20" and that she would be "out of work 6 to 8 weeks".

53. In or around October 19, 2020, Wallace got into work around 7:15 p.m. to eat dinner before her shift started that evening at 8:45 p.m.

54. Wallace's supervisor, Ms. Richards, told Wallace to go see the nurse.

55. The nurse told Wallace that the doctor was sending her home until after she had surgery.

56. Wallace's doctor told her that he disapproved of her working the Correlator position, not that she could not work in a different position.

57. Defendants subjected Wallace to adverse treatment based on her disability by terminating her employment when she informed her supervisor she had to undergo carpel tunnel surgery and be out of work 6-8 weeks.

58. In or around October 21, 2020, Wallace spoke to Everlina *lnu* and found out that her carpel tunnel surgery was approved for the short-term disability program at Koch Foods.

59. In or around October 21, 2020, Wallace called Ms. Margaret in the Koch Foods Human Resources Department.

60. In or around October 21, 2020, Wallace was told she falsified information on her job application to Koch Foods in June of 2020.

61. In or around October 21, 2020, Koch Foods immediately canceled Wallace's health insurance.

62. On November 7, 2020, Wallace received a formal termination letter.

63. Wallace has been discriminated against because of her disability.

64. Plaintiff had a disability.

65. Plaintiff was a qualified individual.

66. Plaintiff has been discriminated against in violation of the ADA/ADAA because of his disability and/or perceived disability by Defendant.

67. Defendants terminated Plaintiff because she had a disability.

68. Defendants acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

69. Defendants illegal discriminatory, harassing, and adverse actions injured Plaintiff.

70. Defendants have a habit and/or practice of discriminating against employees that engage in protected activity.

71. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendants policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

b. Grant Plaintiff a permanent injunction enjoining the Defendants, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants request from violating the ADA/ADAAA;

c. Grant Plaintiff an Order requiring Defendants to make her whole by

9

granting appropriate declaratory relief, punitive damages, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs, and;

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO
### STATEMENT OF PLAINTIFF'S ADA/ADAAA RETALIATION CLAIM

72. Wallace's doctor diagnosed her with carpel tunnel syndrome in her left hand.

73. Wallace's doctor disapproved of her working in the Sorter Helper position at Koch Foods.

74. Shortly thereafter, Koch Foods switched Wallace into the position of a Correlator.

75. The Correlator's job was to pull out the inside organs of the chicken.

76. The Correlator position made Wallace's hand hurt worse than when she was working in the Sorter Helper position.

77. In or around October 16, 2020, Wallace's doctor disapproved Wallace working in the position of Correlator.

78. In or around Sunday, October 18, 2020, Wallace's direct supervisor, Ms. Richards, did not come to work.

79. The acting assistant supervisor put Wallace in a position that did not cause pain in her left hand.

80. Wallace worked the entire night without pain or discomfort in her left hand.

81. In or around October 19, 2020, Wallace's doctor sent Koch Foods a note stating that she was "scheduled for surgery on 10/27/20" and that she would be "out of work 6 to 8 weeks".

82. In or around October 19, 2020, Wallace got into work around 7:15 p.m. to eat dinner before her shift started that evening at 8:45 p.m.

83. Wallace's supervisor, Ms. Richards, told Wallace to go see the nurse.

84. The nurse told Wallace that the doctor was sending her home until after she had surgery.

85. Wallace's doctor told her that he disapproved of her working the Correlator position, not that she could not work in a different position.

86. However, Wallace went home.

87. Wallace asked how she allegedly falsified information on her June 2020 job application.

88. In or around October 21, 2020, Koch Foods immediately canceled Wallace's health insurance.

89. On November 7, 2020, Wallace received a formal termination letter.

90. Wallace has been discriminated against because of her disability.

91. Plaintiff was replaced by a worker who did not have a known disability.

92. Plaintiff engaged in a protected activity.

93. Requesting a reasonable accommodation is protected activity under the ADA's retaliation statute.

94. Defendants took an adverse employment action against Plaintiff by terminating her employment and requesting two reasonable accommodations.

95. Defendants took an adverse action (termination) against Plaintiff when she informed her supervisor that she needed carpel tunnel surgery based on her disability.

96. Defendant terminated Plaintiff.

97. Plaintiff has been discriminated and retaliated against in violation of the ADA/ADAAA.

98. Defendants acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

99. Defendants illegal, discriminatory, harassing, and adverse actions injured Plaintiff.

100. Defendants have a habit and/or practice of discriminating against employees that engage in protected activity.

101. Plaintiff is now suffering and will continue to suffer irreparable injury

from the Defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendants policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

b. Grant Plaintiff a permanent injunction enjoining the Defendants, its Agents Successors, Employees, Attorneys, and those acting in concert with the Defendants or at the Defendants request from violating the ADA/ADAAA;

c. Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, back pay, front pay, punitive damages, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs, and;

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE
### STATEMENT OF PLAINTIFF'S ADA/ADAAA REASONABLE ACCOMMODATION CLAIM

102. Wallace's doctor diagnosed her with carpel tunnel syndrome in her left hand.

103. Wallace's doctor disapproved of her working in the Sorter Helper position at Koch Foods.

104. Shortly thereafter, Koch Foods switched Wallace into the position of a Correlator.

105. The Correlator's job was to pull out the inside organs of the chicken.

106. The Correlator position made Wallace's hand hurt worse than when she was working in the Sorter Helper position.

107. In or around October 16, 2020, Wallace's doctor disapproved Wallace working in the position of Correlator.

108. Plaintiff has a disability.

109. Plaintiff is a qualified individual pursuant to the ADA/ADAAA.

110. Defendant knew of Plaintiff's disability.

111. Plaintiff requested a reasonable accommodation.

112. In or around Sunday, October 18, 2020, Wallace's direct supervisor, Ms. Richards, did not come to work.

113. The acting assistant supervisor put Wallace in a position that did not cause pain in her left hand.

114. Wallace worked the entire night without pain or discomfort in her left

hand.

115. Defendants had a job that would have allowed Plaintiff to perform the essential functions of the job without hurting her left hand.

116. Defendants denied Plaintiff the opportunity of an accommodating position.

117. Defendants subjected Plaintiff to adverse treatment, failed to accommodate Plaintiff, perceived Plaintiff to be disabled, harassed Plaintiff, unjustly disciplined Plaintiff, denied Plaintiff work, retaliated against Plaintiff, and subjected Plaintiff to other discriminatory and adverse terms and conditions of his employment in violation of the ADA/ADAAA.

118. Plaintiff has been discriminated against and was denied an accommodation in violation of the ADA/ADAAA.

119. Defendants acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

120. Defendants illegal discriminatory, harassing, and adverse actions injured Plaintiff.

121. Defendants has a habit and/or practice of discriminating against employees that engage in protected activity.

122. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory

damages, punitive damages, attorney's fees, injunctive relief and declaratory, judgment is her only means of securing adequate relief.

123. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants unlawful policies and practices as set forth herein unless enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that the Defendants policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by ADA and ADAAA;

b. Grant Plaintiff a permanent injunction enjoining Defendants, its Agents, Successors, Employees, Attorneys, and those acting in concert with the Defendants or at the Defendants request from violating ADA and ADAAA;

c. Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interests, attorney fees, expenses, costs; and

d. Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

/s/ Nicole Davis Edwards
*Attorney for Plaintiff*
ASB-4832-B19D

**OF COUNSEL:**
EDWARDS & EDWARDS
ATTORNEYS AND MEDIATORS, PLLC
3603 Pine Lane, Suite C
Bessemer, Alabama 35022
Tel:   (205) 549-1379
Fax:  (205) 719 - 4033
E-mail: nicole@edwardsattys.com

**PLAINTIFF'S ADDRESS**:
Ms. Sonya Wallace
c/o EDWARDS & EDWARDS
ATTORNEYS AND MEDIATORS, PLLC
3603 Pine Lane, Suite C
Bessemer, Alabama 35022

**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESSES:**
Koch Foods of Ashland, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Koch Foods of Alabama, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104